# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, 4510                                          Telephone: (212) 317-1200
New York, New York 10165                                      Facsimile: (212) 317-1620
—————

gnaydenskiy@faillacelaw.com

November 27, 2019

**BY ECF**

Judge George B. Daniels
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    Medina Melo et al v. S & P Mini Market Corp. et al
       Index No. **19-cv-02788-GBD**

Dear Judge Daniels:

This office represents Plaintiff in the above referenced matter. The parties have agreed to a settlement ("Agreement") after attending a settlement conference in front of Your Honor. A copy of the Agreement is attached hereto as Exhibit A. We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and to retain jurisdiction of the matter.

### BACKGROUND

Plaintiff filed his Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

## SETTLEMENT TERMS

As alleged Plaintiff would be entitled to back wages of approximately $90,277.34 as his best case scenario. However, pro-se Defendant Amantino has advised that his connection to the store was limited and currently his available funds are limited. Thus, in order to avoid the risks of protracted litigation and the possibility of recovering an empty judgment, the parties have agreed to settle this action for the total sum of $17,500. A copy of Plaintiffs' best case damages chart, breaking down each amount sought from Defendants, is attached as Exhibit B.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were contested factual disputes. Therefore, Plaintiff believes the settlement is a reasonable early settlement.

## ATTORNEYS' FEES

Plaintiffs' counsel will receive $6,013.33 which is comprised of 1) approximately 33.35% of the settlement amount after deducting costs and (2) costs of $518[1] which represents costs

---

[1] There was an error in the original agreement which was revised and signed in a stipulation amending paragraph 1 of the agreement.

Page 3

actually incurred by counsel in litigating this action (which includes filing and service of process fees).

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $1,995 in attorneys' fees and $518 in costs[2], making the fee counsel will receive under the agreement reasonable in light of their lodestar. The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

    i.      Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis. Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C., and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Faillace's work is indicated by the initials "MF."

    ii.      Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. My regular billing rate of $350 per hour is reflected in Exhibit C with my initials "GN."[3]

---

[2] A copy of Plaintiff's counsel's billing record is attached as "Exhibit C."
[3] Additionally, Paralegal time marked as "PL" is billed at $100 an hour.

Page 4

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Gennadiy Naydenskiy

Gennadiy Naydenskiy

Encls.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

WILFREDO MEDINA MELO, individually and on behalf of others similarly situated,

Plaintiff,

-against-

S & P MINI MARKET CORP. (D/B/A S&P MINI MARKET) and AMANTINO VEGA ROSARIO,

Defendants.

19-cv-02788-GBD

**SETTLEMENT AGREEMENT**
**AND**
**RELEASE**

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Wilfredo Medina Melo ("Plaintiff Medina") on the one hand, S & P Mini Market Corp. (d/b/a S&P Mini Market), ("Defendant Corporation"), Amantino Vega Rosario, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Medina alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Medina's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 19-cv-02788-GBD (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Medina and his counsel, subject to the terms and conditions of this Agreement, the gross sum of Seventeen Thousand Dollars and No Cents (**$17,000.00**) (the "Settlement Amount"), within thirty (30) days of approval of this Agreement by the Court, or any order modifying and entering this Agreement.

| Wilfredo Medina Melo | $10,953 |
| Michael Faillace & Associates, Attorneys' Fees and Costs | $6,046.66 |

(a) The payment set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

Concurrently with the execution of this Agreement, Defendants S & P Mini Market Corp. (d/b/a S&P Mini Market) and Amantino Vega Rosario shall each execute and deliver to Medina's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff Medina's hereby irrevocably and unconditionally releases counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Medina's counsel's escrow account, or Defendants fail to deliver the payments to Medina's counsel within five days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice to be delivered to Defendants by first class mail to 2552 University Avenue., Apt 31N., Bronx New York 10468. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2.    Release and Covenant Not To Sue:  Plaintiff Medina hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, in their respective capacity as such any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff Medina at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Defendants release and discharge Plaintiff Medina from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Medina that have occurred as of the Effective Date of this Agreement.

3.    No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.    Modification of the Agreement:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Medina and Defendants.

5.    Acknowledgments:   Plaintiff Medina and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further

acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

      6.    <u>Notices</u>:    Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

    To Plaintiff Medina:

    Michael Faillace, Esq.
    **MICHAEL FAILLACE & ASSOCIATES, P.C.**
    60 East 42nd St. Suite 4510
    New York, NY 10165
    Tel: (212) 317-1200
    Fax: (212) 317-1620
    Email: michael@faillacelaw.com

    To Defendants:

    Amantino Vega Rosario
    2552 University Avenue., Apt 31N.,
    Bronx New York 10468
    Tel: 929-451-6479
    Email: bachata28@hotmail.com

      7.    <u>Governing Law</u>:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

      8.    <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Medina agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

      9.    <u>Release Notification</u>: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Medina acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys.  Plaintiff

Medina confirms that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

     10.    Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.


PLAINTIFF:


By: _____     Date: _____
     WILFREDO MEDINA MELO


DEFENDANTS:

By: _X_____     Date: _11/1/19_____
     S & P MINI MARKET CORP.

By: _X_____     Date: _4/1/19_____
     AMANTINO VEGA ROSARIO

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
-----------------------------x

WILFREDO MEDINA MELO, individually
and on behalf of others similarly situated,

                               Index No.: **19-cv-02788-GBD**

           Plaintiff,

           -against-

S & P MINI MARKET CORP. (D/B/A S&P
MINI MARKET) and AMANTINO VEGA
ROSARIO,

           *Defendants.*

-------------------------------x

                           **AFFIDAVIT OF CONFESSION OF**
                           **JUDGMENT**

STATE OF NEW YORK   )
                  : ss.:
COUNTY OF        )

    1.    I reside in _Bronx_ County.

    2.    I, Amantino Vega Rosario, am the President S & P Mini Market Corp. (d/b/a S&P Mini Market). I am duly authorized to make this affidavit of confession of judgment on behalf of S & P Mini Market Corp. (d/b/a S&P Mini Market).

    3.    S & P Mini Market Corp. (d/b/a S&P Mini Market), maintains its principal place of business in New York County at 270 East 165th Street, Bronx, NY 10456.

    4.    Pursuant to the terms of the Settlement Agreement and Release by and between Wilfredo Medina Melo (each a "Plaintiff" and collectively, "Plaintiffs") and S & P Mini Market Corp. (d/b/a S&P Mini Market) and, Amantino Vega Rosario (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against S & P Mini Market Corp. (d/b/a S&P Mini Market) in favor of Plaintiffs for the sum of Fifty One Thousand Dollars and No Cents ($51,000.00), less any payments made under the Settlement Agreement.

    5.    This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $51,000.00 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $17,000.00 plus liquidated damages of $34,000.00.

    4.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and

provisions of the Settlement Agreement.

5.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $51,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against S & P Mini Market Corp. (d/b/a S&P Mini Market).

S & P Mini Market Corp.

By: _Amantino Vega_

Amantino Vega Rosario

Title: President

STATE OF _NY_ )
: ss.:

On _May 1_ , 2019, before me personally came _Amantino Vega_, to me known, who, by me duly sworn, did depose and say that deponent resides at _Bronx County_ , that deponent is the President of S & P Mini Market Corp. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of S & P Mini Market Corp. and was authorized to do so.

Notary Public

**Victor J. Molina**
Notary Public, State of New York
No.: 02MO6249338
Qualify in Bronx County
Commission Expires
Nov., 7th 20..[.]

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x

WILFREDO MEDINA MELO, individually and    :
on behalf of others similarly situated,

                               :    Index No.: **19-cv-02788-GBD**

           Plaintiff,

           -against-    :    **<u>AFFIDAVIT OF CONFESSION OF</u>**
                             :    **<u>JUDGMENT</u>**

S & P MINI MARKET CORP. (D/B/A S&P MINI    :
MARKET) and AMANTINO VEGA ROSARIO,

           *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK    )
                    : ss.:
COUNTY OF           )

1.    I reside in ___Bronx___ County.

2.    Pursuant to the terms of the Settlement Agreement and Release by and between Wilfredo Medina Melo (each a "Plaintiff" and collectively, "Plaintiffs") S & P Mini Market Corp. (d/b/a S&P Mini Market) and, Amantino Vega Rosario (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff Medina for the sum of Seventeen Thousand Dollars and No Cents ($17,000.00), less any payments made under the Settlement Agreement.

3.    This affidavit of confession of judgment is for a debt justly due to Plaintiff Medina under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $17,000.00 to Plaintiff Medina. The amount of this affidavit of confession of judgment represents the settlement amount of $17,000.00 plus liquidated damages of $34,000.00.

4.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $51,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against me, Amantino Vega Rosario.

                                            _Amantino Vega_
                                            Amantino Vega Rosario

Sworn to before me this
__/__ day of _Nov_____ 2019

Notary Public

Victor J. Molina
Notary Public, State of New York
No.: 02MO6249338
Qualify in Bronx County
Commission Expires
Nov., 7th 20....19

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WILFREDO MEDINA MELO, individually and on behalf of others similarly situated, | **19-cv-02788-GBD** |
| Plaintiff, | **SETTLEMENT AGREEMENT AND RELEASE** |
| -against- | |
| S & P MINI MARKET CORP. (D/B/A S&P MINI MARKET) and AMANTINO VEGA ROSARIO, | |
| Defendants. | |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Wilfredo Medina Melo ("Plaintiff Medina") on the one hand, S & P Mini Market Corp. (d/b/a S&P Mini Market), ("Defendant Corporation"), Amantino Vega Rosario, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Medina alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Medina's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 19-cv-02788-GBD (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Medina and his counsel, subject to the terms and conditions of this Agreement, the gross sum of Seventeen Thousand Dollars and No Cents (**$17,000.00**) (the "Settlement Amount"), within thirty (30) days of approval of this Agreement by the Court, or any order modifying and entering this Agreement.

1231196.1

| | |
|---|---|
| Wilfredo Medina Melo | $10,953 |
| Michael Faillace & Associates, Attorneys' Fees and Costs | $6,046.66 |

(a) The payment set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

Concurrently with the execution of this Agreement, Defendants S & P Mini Market Corp. (d/b/a S&P Mini Market) and Amantino Vega Rosario shall each execute and deliver to Medina's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff Medina's hereby irrevocably and unconditionally releases counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Medina's counsel's escrow account, or Defendants fail to deliver the payments to Medina's counsel within five days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice to be delivered to Defendants by first class mail to 2552 University Avenue., Apt 31N., Bronx New York 10468. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2.    <u>Release and Covenant Not To Sue</u>:  Plaintiff Medina hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, in their respective capacity as such any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff Medina at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Defendants release and discharge Plaintiff Medina from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Medina that have occurred as of the Effective Date of this Agreement.

3.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.    <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Medina and Defendants.

5.    <u>Acknowledgments:</u>    Plaintiff Medina and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further

acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.    Notices:    Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiff Medina:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Amantino Vega Rosario
2552 University Avenue., Apt 31N.,
Bronx New York 10468
Tel: 929-451-6479
Email: bachata28@hotmail.com

7.    Governing Law:    This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.    Enforceability:  If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Medina agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.    Release Notification:  Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Medina acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys.  Plaintiff

Medina confirms that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10.    Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____    Date: 22-10-19
    WILFREDO MEDINA MELO

DEFENDANTS:

By: _____    Date: _____
    S & P MINI MARKET CORP.

By: _____    Date: _____
    AMANTINO VEGA ROSARIO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILFREDO MEDINA MELO, individually and on behalf of others similarly situated,<br><br>                        Plaintiff,<br><br>            -against-<br><br>S & P MINI MARKET CORP. (D/B/A S&P MINI MARKET) and AMANTINO VEGA ROSARIO,<br>                                  Defendants. | 19-cv-02788-GBD<br><br>SETTLEMENT AGREEMENT<br>AND<br>RELEASE |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above captioned action, that paragraph 1 of the settlement agreement is revised to:

1. **Payment**: Defendants shall pay or cause to be paid to Plaintiff Medina and his counsel, subject to the terms and conditions of this Agreement, the gross sum of Seventeen Thousand Dollars and No Cents (**$17,000.00**) (the "Settlement Amount"), within thirty (30) days of approval of this Agreement by the Court, or any order modifying and entering this Agreement.

| | |
|---|---|
| Wilfredo Medina Melo | $10,986.67 |
| Michael Faillace & Associates, Attorneys' Fees and Costs | $6,013.33 |

   (a) The payment set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

   Concurrently with the execution of this Agreement, Defendants S & P Mini Market Corp. (d/b/a S&P Mini Market) and Amantino Vega Rosario shall each execute and deliver to Medina's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff Medina's hereby irrevocably and unconditionally releases counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Medina's counsel's escrow account, or Defendants fail to deliver the payments to Medina's counsel within five days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice to be delivered to Defendants by first class mail to 2552 University Avenue., Apt 31N., Bronx New York 10468. Any such Notice of Default shall be deemed

received five (5) days after it is mailed.

Dated: _____, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.          Amantino Vega Rosario

By: _____          By: _____
Gennadiy Naydenskiy, Esq.                    Amantino Vega Rosario
*Attorneys for Plaintiffs*                    *Defendant*
60 East 42nd Street, Suite 4510              2552 University Avenue., Apt 31N.
New York, NY 10165                           Bronx, NY, 10468
(212) 317-1200                               (929) 451-6479

                                             SO ORDERED:

                                             _____
                                             HON. GEORGE B. DANIELS

# EXHIBIT B

Privileged Settlement Communication

Subject to Revision / Correction

| Plaintiff | Pay Period From | To | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days Per Wk in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wages & OT | Liq. Damages on Wages & OT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Wilfredo Medina Malo | 3/1/2013 | 12/30/2013 | 43 | 58.75 | 1 | $ 6.17 | $ 9.26 | $ 7.25 | $ 10.88 | $ 493.91 | $ 362.50 | $ 131.41 | $ 5,650.47 | $ 5,650.47 |
| | 12/31/2013 | 12/30/2014 | 52 | 58.75 | 1 | $ 6.17 | $ 9.26 | $ 8.00 | $ 12.00 | $ 545.00 | $ 362.50 | $ 182.50 | $ 9,490.00 | $ 9,490.00 |
| | 12/31/2014 | 12/30/2015 | 52 | 58.75 | 1 | $ 6.17 | $ 9.26 | $ 8.75 | $ 13.13 | $ 596.09 | $ 362.50 | $ 233.59 | $ 12,146.88 | $ 12,146.88 |
| | 12/31/2015 | 12/30/2016 | 52 | 58.75 | 1 | $ 6.17 | $ 9.26 | $ 9.00 | $ 13.50 | $ 613.13 | $ 362.50 | $ 250.63 | $ 13,032.50 | $ 13,032.50 |
| | 12/31/2016 | 12/30/2017 | 52 | 58.75 | 1 | $ 6.17 | $ 9.26 | $ 11.00 | $ 16.50 | $ 749.38 | $ 362.50 | $ 386.88 | $ 20,117.50 | $ 20,117.50 |
| | 12/31/2017 | 12/30/2018 | 52 | 58.75 | 1 | $ 6.17 | $ 9.26 | $ 13.00 | $ 19.50 | $ 885.63 | $ 362.50 | $ 523.13 | $ 27,202.50 | $ 27,202.50 |
| | 12/31/2018 | 1/31/2019 | 4 | 58.75 | 1 | $ 6.17 | $ 9.26 | $ 15.00 | $ 22.50 | $ 1,021.88 | $ 362.50 | $ 659.38 | $ 2,637.50 | $ 2,637.50 |
| | | | | | | | | | | | | Total: | $ 90,277.34 | $ 90,277.34 |
| | | | 1 | This chart is based upon preliminary information and the expected testimony of Plaintiffs. | | | | | | | | | | |
| | | | 2 | Plaintiffs reserve the right to correct or amend this chart. | | | | | | | | | | |
| | | | 3 | This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL. | | | | | | | | | | |

1 of 2

Privileged Settlement Communication                                                                                    Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | Unpaid Spread of Hours (SOH) Pay | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Tools of the Trade | Total Per Period |
|---|---|---|---|---|---|---|---|---|---|---|
| Wilfredo Medina Malo | 3/1/2013 | 12/30/2013 | $ 87.00 | $ 87.00 | $ 5,000.00 | $ 5,000.00 | $ 2,925.49 | $ 45.04 | $ - | $ 24,445.47 |
| | 12/31/2013 | 12/30/2014 | $ 96.00 | $ 96.00 | | | $ 4,129.48 | $ 41.77 | | $ 23,343.26 |
| | 12/31/2014 | 12/30/2015 | $ 105.00 | $ 105.00 | | | $ 4,192.38 | $ 36.24 | | $ 28,732.37 |
| | 12/31/2015 | 12/30/2016 | $ 108.00 | $ 108.00 | | | $ 3,323.51 | $ 27.54 | | $ 29,632.05 |
| | 12/31/2016 | 12/30/2017 | $ 132.00 | $ 132.00 | | | $ 3,317.25 | $ 21.77 | | $ 43,838.02 |
| | 12/31/2017 | 12/30/2018 | $ 156.00 | $ 156.00 | | | $ 2,037.30 | $ 11.68 | | $ 56,765.98 |
| | 12/31/2018 | 1/31/2019 | $ 180.00 | $ 180.00 | | | $ 68.44 | $ 4.67 | | $ 5,708.11 |
| | | | | | | | | | | |
| | | | $ 864.00 | $ 864.00 | $ 5,000.00 | $ 5,000.00 | $ 19,993.86 | $ 188.72 | $ - | $ 212,465.27 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | Filing Date | | 3/28/2019 | | | | | |
| | | | FLSA | | 3/28/2016 | | | | | |
| | | | NYLL | | 3/28/2013 | | | | | |
| | | | Amendment | | 4/9/2011 | | | | | |
| | | | Today | | 4/30/2019 | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

2 of 2

# EXHIBIT C

## *Michael Faillace & Associates, P.C.*

60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200                    Fax:(212) 317-1620

Wilfredo Melo                                                November 27, 2019

|  |  |
|---|---|
| File #: | &PMiniMarke |
| Inv #: | 1179 |

**Attention:**

**RE:**    Medina Melo et al v. S & P Mini Market Corp. et al; 19-cv-02788

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Mar-27-19 | Initial consultation with MF | 0.90 | 405.00 | MF |
|  | Drafted Complaint | 1.50 | 675.00 | MF |
| Apr-30-19 | Prepared Damages Chart | 0.50 | 50.00 | PL |
| Jun-07-19 | conference with defendant re: sett | 0.20 | 70.00 | GN |
| Jun-18-19 | conference with def | 0.50 | 175.00 | GN |
| Jun-19-19 | Spoke to Defendant and Translated for GN | 0.50 | 50.00 | PL |
| Jun-25-19 | review def financial docs | 0.50 | 175.00 | GN |
| Jun-27-19 | conference with cl re: sett | 0.10 | 35.00 | GN |
|  | Telephone call to client and GN | 0.10 | 10.00 | PL |
| Nov-27-19 | draft fairness motion | 1.00 | 350.00 | GN |
|  | Totals | 5.80 | $1,995.00 | |

**DISBURSEMENTS**

Filing Fee                                                    400.00

| | | |
|---|---|---|
| Apr-12-19 | Process Server: S & P Mini Market Corp. | 68.00 |
| Apr-25-19 | Process Server: Amantino Vega Rosario | 50.00 |
| | Totals | $518.00 |

**Total Fee & Disbursements**                    **$2,513.00**

**Balance Now Due**                                   **$2,513.00**